# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FREDERICK OPIYO,

     *Plaintiff*,

                         CASE NO. 09-CV-13609

*v.*                           DISTRICT JUDGE GEORGE CARAM STEEH
                           MAGISTRATE JUDGE CHARLES BINDER

VIRG STRICKLER, *et al.*,

     *Defendants*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte*

**DISMISSED IN PART** for failure to state a claim upon which relief may be granted.

Specifically, I suggest that the complaint be served only on Defendants Boehm, Darling, and

Wedge, and that all other defendants be *sua sponte* dismissed with prejudice because Plaintiff has

failed to state a claim against them.

## II.    REPORT

### A.    Introduction

Plaintiff Frederick Opiyo is a federal prisoner who is currently incarcerated at the Federal

Medical Center in Fort Worth, Texas. On September 14, 2009, Plaintiff filed this *pro se* civil

rights action pursuant to 42 U.S.C. § 1983 against twelve defendants. The complaint and its

attachments span 137 pages. (Doc. 1.) Plaintiff's claims all arise out of incidents that occurred

when Plaintiff was incarcerated at the jail in Sanilac County, Michigan, in September 2008. As

defendants, Plaintiff names Virg Strickler, the Sanilac County Sheriff; Under Sheriff Garry M. Biniecki; Corporal Hawk; Physician's Assistant Elizabeth E. Paling; and eight Sanilac County deputy sheriffs. As relief, Plaintiff seeks $3.8 million in damages.

On September 15, 2009, U.S. District Judge George Caram Steeh referred all pretrial matters to the undersigned magistrate judge. (Doc. 3.) Plaintiff's application to proceed without prepayment of fees pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1), was granted by Magistrate Judge R. Steven Whalen on September 16, 2009. (Doc. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

## B.   Screening Provisions

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> Further, the law in this circuit is clear that the district court, in performing its initial review, should only consider the complaint and that the plaintiff should not be given the opportunity to amend to avoid *sua sponte* dismissal. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

*Baker v. Thomas*, 86 Fed. App'x 906, 909 (6th Cir. 2004). Likewise, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his or her objections to a report and recommendation. *See Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008). "If a complaint falls within the requirements of § 1915(e)(2) when filed, the

district court should *sua sponte* dismiss the complaint." *McGore*, 114 F.3d at 612 (emphasis added).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 requires "that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). However, the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth).

**C.      Governing Law**

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

The Eighth Amendment provides that "cruel and unusual punishments [shall not be] inflicted."  U.S. Const. amend VIII.  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).  Liability exists "only if [the defendant] knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Id.* at 847.

It is well-established that to state a federal civil rights claim, a plaintiff must allege the personal involvement of each defendant.  *See, e.g., Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (liability under § 1983 cannot be based upon a theory of *respondeat superior*); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (supervisory defendant must have been personally involved, encouraged or condoned the alleged misconduct); *Kesterson v. Moritsugu*, No. 96-5898, 1998 WL 321008, at **4 (6th Cir. 1998) (a plaintiff must "allege that a specific defendant performed a specific act that suffices to state a claim").

**D.      Whether the Allegations in the Complaint State a Claim**

**1.      Defendant Deputy Wedge**

4

Plaintiff alleges that an Eighth Amendment violation occurred when, on September 3, 2008, Deputy Wedge denied Plaintiff's request to transfer him to a single cell so that he could "take care of his medical condition"[1] because other inmates were "giving him a hard time and making snide remarks as to his medical condition" and he "felt threatened." (Compl., Doc. 1 at 24.[2])  Plaintiff states that four days later, he was sexually assaulted by three inmates. (*Id.* at 23.)

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S. Ct. 1970, 128 L. Ed. 811 (1994). However, not every instance of inmate on inmate violence "translates into a constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.  A violation occurs "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (en banc) (internal quotations omitted).

Here, where Plaintiff has alleged that he informed Defendant Wedge that he was feeling threatened a few days before an assault allegedly took place, I suggest that Plaintiff has alleged sufficient facts to pass the initial screening of the complaint for failure to state a claim. Therefore, I suggest that the complaint should be served on Defendant Wedge.

## 2.     Defendant Deputy Boehm

Plaintiff claims that on September 7, 9, and 11, 2008, he was sexually assaulted by three inmates and that these assaults were committed "at the behest of the defendants." (*Id.* at 23.) Plaintiff alleges that on the morning after the first assault – September 8 – he pretended to be

---

[1]Plaintiff  states that he suffers from Herpes Simplex. (Compl. at 138.)

[2]All page numbers referencing the complaint refer to the electronic page numbers assigned by the Court's electronic case management system.

asleep and overheard one of his cellmates bragging to other inmates about how he had assaulted

Plaintiff the night before:

> [Inmate Broom] told Inmates Henry and Mosley that he had "Killed the Plaintiff with medication that he received from Deputy Boehm and that he had the body of Plaintiff moved to another room where he performed a sexual act on the Plaintiff.
>
> Inmate Broom later bragged to fellow inmates how he had sexually assaulted the Plaintiff. He said that this was done at the behest of the Deputies and that he could not get into trouble for it.

(*Id.* at 24.) Plaintiff asserts that Defendant Deputy Boehm "assisted in the sexual assault as if she

was also an active participant by neglecting to prevent the sexual assault and by assisting in the

assault by giving Inmate Broom medication that was not prescribed to him for the express purpose

of rendering the Plaintiff unconscious so that sexual assault could be performed to [sic] him." (*Id.*

at 26.)

I suggest that these allegations against Defendant Boehm are sufficient to state a claim for

Eighth Amendment deliberate indifference. Taking Plaintiff's factual allegations as true, which

the Court must at this point, Plaintiff has alleged that Defendant Boehm was personally involved

in an inmate assault on Plaintiff by providing drugs to the inmates to facilitate the assault, and

therefore I suggest that the complaint should be served on Defendant Boehm.

### 3. Defendant Deputy Brinker

Plaintiff alleges that on September 10, 2008, he told Deputy Brinker about the assaults, but

at no time did any deputies intervene or try to stop the ongoing sexual assaults. (*Id.* at 24-25.)

I suggest that Plaintiff has failed to state a claim against Deputy Brinker. "[L]iability under

§ 1983 must be based on active unconstitutional behavior and cannot be based upon a 'mere failure

to act.'" *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). *See also Shehee*

*v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Here, where Plaintiff has not alleged any active unconstitutional behavior on the part of Deputy Brinker, I suggest that she be *sua sponte* dismissed from the case.

### 4. Defendant Elizabeth E. Paling

The complaint also alleges that "the PA violated the plaintiff's rights when she would read the results of the Blood and Urine test for the plaintiff in front of the Officers. This is how the information [about Plaintiff's medical condition] would be passed to the inmates that were responsible for raping and harassing and terrorizing [Plaintiff]." (*Id.* at 32.)

I suggest that Plaintiff has failed to allege any conduct on the part of Defendant Paling that rises to the level of a civil rights violation. The constitutional right to privacy is not absolute, especially in relation to prisoners. While prisoners do "retain certain fundamental rights of privacy," *Houchins v. KOED, Inc.*, 438 U.S. 1, 5 n.2, 98 S. Ct. 2588, 57 L. Ed. 2d 553 (1978), these rights may be restricted and retracted in order to "maintain[ ] institutional security and preserve[ ] internal order and discipline." *Bell v. Wolfish*, 441 U.S. 520, 546, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). Courts defer to the judgment of prison officials in determining whether security concerns necessitate the presence of guards during a medical examination. *See, e.g., Vergara v. Vogliano*, No. 95 Civ. 4513, 1997 WL 86388 (S.D.N.Y. Feb. 28, 1997) (finding it to be a "legitimate security measure" to have guards remain with prisoners during medical examinations). Accordingly, I suggest that Defendant Paling be *sua sponte* dismissed for failure to state a claim.

### 5.    Defendant Deputy Darling

Finally, Plaintiff alleges that Defendant Deputy Darling divulged to other inmates that Plaintiff had "made a complaint" and therefore Plaintiff was "labeled a snitch," which presumably put him in more danger.  (Compl. at 35.)

Several federal circuit courts of appeal have held that labeling an inmate a snitch violates a correction officer's duty to protect inmates.  *See Benefield v. McDowall*, 241 F.3d 1267, 1271-72 (10th Cir. 2001); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984).  Accordingly, I suggest that Plaintiff has sufficiently stated a claim to survive the screening mandated by the PLRA, and therefore suggest that the complaint be served on Defendant Darling.

### 6.    Remaining Defendants

Plaintiff has not alleged any personal involvement in unconstitutional behavior by the remaining defendants.  His allegation that he was sexually assaulted by three inmates and that these assaults were committed "at the behest of the defendants" (Compl. at 23) is, I suggest, insufficient to meet the requirement that a complaint "allege that a specific defendant performed a specific act that suffices to state a claim."  *Kesterson, supra.*  Furthermore, since there are no direct allegations against Sheriff Strickler and Under Sheriff Biniecki, it appears that they were named as defendants solely due to the supervisory positions they hold, which do not subject them to liability.  *See Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).  Thus, I recommend that all remaining defendants be dismissed from the case.

### 7.    Official Capacity Claims

Plaintiff states that he is also suing all defendants in their official capacities.  A civil rights suit against county employees in their official capacities is equivalent to suing the employees' employer, the county.  *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

In *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under 42 U.S.C. § 1983.  In so ruling, however, the Court declared that municipal liability may not be premised on the mere fact that the governmental unit employed the offending official, *i.e.*, through application of the doctrine of *respondeat superior*.  Instead, the Court concluded that a governmental unit may be liable under section 1983 only when its "policy" or "custom," whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, directly inflicted the injury.  *Monell*, 436 U.S. at 694.  The "official policy" requirement distinguishes acts of the municipality from acts of employees of the municipality, thereby limiting liability to action for which the municipality is actually responsible, *i.e.*, acts that the municipality has officially sanctioned or ordered.  *Id*.

In *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986), the Court further clarified that "municipal liability under § 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Id*. at 483 (citation omitted).  Moreover, mere identification of a policy or custom is not enough to establish municipal liability; a plaintiff also must establish causation.  In this regard, a plaintiff carries the burden of demonstrating a "plausible nexus" or "affirmative link"

9

between the municipality's custom or policy and the constitutional deprivation at issue.  *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 405, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights).

As set forth above, the County cannot be liable for any constitutional deprivations suffered by Plaintiff unless "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 1205, 103 L. Ed.2d 412 (1989).  The Supreme Court has instructed that "policy" is made when a decision maker possessing final authority over the subject matter issues an official proclamation, policy, or edict.  *Pembaur*, 475 U.S. at 481.  Custom can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.  *Monell*, 436 U.S. at 690.

In this case, Plaintiff has not identified or alleged any policy or custom attributable to Sanilac County, and therefore I suggest that all official capacity claims be *sua sponte* dismissed for failure to state a claim upon which relief may be granted.

### E.    Conclusion

Accordingly, pursuant to the screening mandated by federal law, I suggest that the complaint be served only on Defendants Boehm, Darling, and Wedge, and that all other defendants be *sua sponte* dismissed with prejudice because Plaintiff has failed to state a claim against them.

## III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


                                    s/ Charles E Binder
                                    CHARLES E. BINDER
Dated: October 15, 2009             United States Magistrate Judge


### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Frederick Opiyo, #39194-039, at FMC Fort Worth, Inmate Mail/Parcels, P.O. Box 15330, Fort Worth, TX, 76119; and served on District Judge Steeh in the traditional manner.

Date:  October 15, 2009            By     s/Jean L. Broucek
                                   Case Manager to Magistrate Judge Binder