**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FREDERICK OPIYO,

    Plaintiff,                            CASE NO: 09-13609

vs.                                    DISTRICT JUDGE GEORGE CARAM STEEH
                                       MAGISTRATE JUDGE CHARLES E. BINDER

VIRG STRICKLER, *et al*,

    Defendants.
_____/

## ORDER STRIKING DOCUMENTS

    This order is entered under the authority given to this Magistrate Judge in an Order of Reference issued by District Judge Steeh pursuant to 28 U.S.C. § 636(b)(1)(A).

Counsel for Plaintiff filed a "Reply To Defendants' Answer" and a "Plaintiff's Answer to Defendants' Notice of Special and/or Affirmative Defenses" on April 6, 2010. (Docs. 19, 20). Both documents recant the same cursory phrase after each numbered paragraph: "denying same as false and completely untrue." (*Id.*)

Plaintiffs are not allowed to reply to answers unless a court order provides that they may do so. Fed. R. Civ. P. 7(a)(7)("only these pleadings are allowed...if the court orders one, a reply to an answer"). Since no such order has been issued, Plaintiff's "Reply to Defendants' Answer" will be stricken.

"Although under common law parties had to respond to any new matter raised in an initial pleading by the other party, Federal Rule of Civil Procedure 7(a) 'eliminates the requirement of a mandatory reply to a "new matter" [and] Rule 8(d) provides that when no responsive pleading is required, the allegations in a pleading are deemed denied or avoided." *In Re Enron Corp. Sec.*, 540 F. Supp. 2d 759, 795-96 (S.D. Tex. 2007). Therefore, it was not necessary for Plaintiff to file any responsive pleading to the affirmative defenses to deny the allegations contained therein so striking the "Answer" to the affirmative defenses will do

Plaintiff no harm. In addition, since "the Court has not granted Plaintiff leave to reply to defendant's answer - including the affirmative defenses...the answer is not a pleading to which a responsive pleading is allowed under Rule 12(e)." *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at * 2 (D. Kan. Feb. 19, 2008).

Accordingly, **IT IS ORDERED** that documents 19 and 20 are hereby **STRICKEN**, and the images shall be removed from the electronic record.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

                       s/ Charles E Binder
                       CHARLES E. BINDER
Dated: April 6, 2010            United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, and electronically served on Michael Cutler and John Gillooly.

Date: April 6, 2010            By    s/*Jean L. Broucek*
                                          Case Manager to Magistrate Judge Binder