UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK O. OPIYO,

                                  CASE NO. 09-CV-13609

               Plaintiff,             HONORABLE GEORGE CARAM STEEH

v.

DEPUTY H. BOEHM, DEPUTY J.
DARLING and DEPUTY WEDGE,

               Defendants.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF
FROM JUDGMENT (DOC. #43) AND DENYING MOTION TO
APPOINT U.S. MARSHALS TO SERVE SUBPOENA (DOC. #42)

This is a prisoner civil rights case in which plaintiff alleges that he was sexually assaulted by another inmate as a result of the action or inaction of the defendant officers. All pretrial matters were referred to Magistrate Judge Binder. On September 16, 2010, the court adopted Magistrate Judge Binder's report and recommendation granting defendants' motion for summary judgment (Doc. #26). The magistrate judge's report and recommendation concluded that plaintiff failed to exhaust his administrative remedies, and, alternatively, plaintiff's claims failed on the merits. Plaintiff did not file objections to the report and recommendation. The court, in adopting the report and recommendation, stated: "[b]ecause plaintiff's failure to exhaust his administrative remedies is dispositive of the case, the court need not rule on the other arguments presented in defendants' motion for summary judgment." (Doc. #26 at 1–2). Plaintiff did not appeal from the court's judgment.

-1-

Over two-and-one-half years after defendants' motion for summary judgment was granted, in March 2013, plaintiff filed a response to the motion addressing his failure to exhaust his administrative remedies.   Because the case had long been closed, and because plaintiff did not file timely objections to the report and recommendation, the court struck plaintiff's response from the record (Doc. # 35).

Plaintiff then appealed the decision striking his response to the Court of Appeals for the Sixth Circuit.   The Sixth Circuit affirmed the court's decision, stating in pertinent part:

> [T]his case is closed.   Opiyo cannot now, almost four years after the motion for summary judgment was granted, file a new response to that motion. Therefore, the district court did not abuse its discretion in striking Opiyo's second response to the summary judgment motion from the record.

(Doc. #38 at 4).   In addition, plaintiff was ordered to pay defendants $500 for filing a frivolous appeal.   (*Id.*).

Now, almost four-and-one-half years after defendants' motion fo summary judgment was granted, plaintiff filed a motion for relief from judgment (Doc. #43), and a motion to appoint U.S. Marshals to serve a subpoena on the County of Sanilac (Doc. #42).   Plaintiff's motion for relief from judgment avers that defendants fraudulently concealed and misrepresented facts affecting the outcome of this action.   In the motion, plaintiff briefly addresses the administrative exhaustion requirement, stating that "Defendants' inhibiting conduct rendered any administrative grievances unavailable, and Defendants should have been estopped from asserting [the] affirmative defense of exhaustion."   (Doc. #43 at 5).

Rule 60(b)(3) of the Federal Rules of Civil Procedure provides that "the court may relieve a party or its legal representative from a final judgment" based on "fraud (whether

previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]"

Plaintiff's motion fails for two reasons.  First, plaintiff's motion is untimely.  A Rule 60(b)(3) motion must be made within a reasonable time, and no more than one year after "the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  As explained above, the court granted defendants' motion for summary judgment on September 16, 2010.  Plaintiff's motion is almost three-and-one-half years too late.

Second, to succeed on his motion, plaintiff must establish, by clear and convincing evidence, that defendants committed fraud.  *Nagarajan v. Scheick*, 8 F. App'x 336, 337 (6th Cir. 2001) (citation omitted).  The basis of the court's decision granting summary judgment was that plaintiff did not exhaust his administrative remedies.  Plaintiff's motion does not claim that defendants committed fraud as it relates to the exhaustion requirement.  Indeed, plaintiff's argument relating to the exhaustion requirement was available at the time the court entered judgment.

For these reasons, plaintiff's motions are DENIED.

IT IS SO ORDERED.

Dated:  February 24, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 24, 2015, by electronic and/or ordinary mail and also on Frederick Opiyo #39194-039, FCI Bastrop, P. O. Box 1010, Bastrop, TX 78602.

s/Barbara Radke
Deputy Clerk