UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK O. OPIYO,

    Plaintiff,

vs.

Case No. 09-13609
HON. GEORGE CARAM STEEH

DEPUTY H. BOEHM,
DEPUTY J. DARLING, and
DEPUTY WEDGE,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (DOC. 62)

Plaintiff Frederick Opiyo moves for an injunction against defendants and their agents from subjecting him to threats of "physical violence, intimidation, and retaliation for pursuing this action pending permanent relief." (Doc. 62 at PageID 597). Plaintiff's case was closed on September 16, 2010, when summary judgment was granted for defendants Boehm, Darling, and Wedge. (Doc. 26). Plaintiff thereafter filed three motions for relief from judgment, (Doc. 43, 54, 63); all of which were denied, (Doc. 44, 55, 64).

The decision of whether or not to issue a preliminary injunction or

temporary restraining order lies within the discretion of the court. *CSX Transp., Inc. v. Tennessee State Bd. Of Equalization*, 964 F.2d 548, 553 (6th Cir. 1992); *Beacon J. Publ'g Co., Inc. v. Blackwell*, 389 F.3d 683, 684 (6th Cir. 2004). In determining whether to issue a preliminary injunction or temporary restraining order, the district court considers four factors:

> I. whether the movant has a strong likelihood of success on the merits;
>
> II. whether the movant would suffer irreparable injury if the court does not grant a preliminary injunction;
>
> III. whether a preliminary injunction would cause substantial harm to others; and
>
> IV. whether a preliminary injunction would be in the public interest.

*G & V Lounge v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1076 (6th Cir. 1994) (citing *Int'l Longshoreman's Ass'n v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir. 1991), *cert denied*, 502 U.S. 813 (1991).

Here, plaintiff has zero likelihood of success on the merits. Summary judgment was granted for the defendants. The court thereafter denied plaintiff's three motions for relief from judgment. Plaintiff does not make a showing on any of the remaining factors. It is not clear that plaintiff would suffer an irreparable injury without an injunction, what harm an injunction

would cause to others, nor whether an injunction would be in the public interest. For these reasons, plaintiff's motion is DENIED.

IT IS SO ORDERED.

Dated: July 12, 2017

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 12, 2017, by electronic and/or ordinary mail and also on Frederick Opiyo #39194039, FCI Bastrop, P. O. Box 1010, Bastrop, TX 78602.

s/Barbara Radke
Deputy Clerk